UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREZOU DADGAR and <br> ANGELS HOSPICE, LLC, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> DOUGLAS H. SHULMAN, COMMISSIONER, <br> and RANDY KRUEGER, Special Agent, <br><br> Respondents. | Case No. 10-cv-2838-CW (MEJ) <br><br> REPORT & RECOMMENDATION |

This matter is before the Court on respondents' motion to enforce two summonses issued by the Internal Revenue Service. (Dkt. No. 8). The motion to enforce those summonses were referred to the undersigned for a report and recommendation[1] pursuant to the provisions of Federal Rule of Civil Procedure 72(b) and Civil Local Rule 72-3, by order dated October 18, 2010. (Dkt. No. 9). The Court set this matter for hearing pursuant to Civil L.R. 7-2, and required the parties to appear on December 2, 2010. (Dkt. No. 10). At the hearing, the parties appeared through counsel. (Dkt. No. 11). Having considered the moving papers and all other evidence of record, the undersigned RECOMMENDS that the petition be DENIED and the motion to enforce the summonses be GRANTED.

I. BACKGROUND

Petitioners Arezou Dadgar and Angels Hospice, LLC, filed the instant petition to quash two Internal Revenue Service summonses. (Dkt. No. 1). The petition was filed pursuant to the provisions of 26 U.S.C. § 7609(b), which permits a third-party "who is entitled to notice of a

---

[1] See United States v. Bell, 57 F.Supp.2d 898 (N.D. Cal. 1999) (motion to enforce or quash an IRS summons is a "dispositive matter" within the meaning of 28 U.S.C. § 636(b)).

summons" to "begin a proceeding to quash such summons." 26 U.S.C. § 7609(b)(2)(A). According the summonses annexed to the petition, the IRS seeks petitioners' bank records as part of a criminal investigation of Muzaffar Hussain. (Pet. at Exhs. 1 & 2).

Both summonses were served on Bank of America, which is the entity that would actually be required to produce the records. Id. In fact, neither summons requires either of the petitioners to produce anything. (Pet. at ¶ 7). Petitioners contend, however, that production of the documents would be overly "burdensome" as a basis to quash the summonses. (Br. at 8). Petitioners further argue that the summonses were not issued for a legitimate purpose and, consequently, the records cannot be relevant to some legitimate purpose. (Br. at 7-8).

The government moved to enforce the summonses on October 14, 2010. (Dkt. No. 8). In support of the motion, the government filed a declaration executed by the IRS Special Agent conducting the investigation, Randy Krueger. Id. Special Agent Krueger's declaration confirms that (1) he is conducting an investigation of Muzaffar Hussain from 2001 to the present for possibility criminal liabilities, (2) payments were made from petitioners to Hussain, (3) these records are not already in the Internal Revenue Services's possession, and (4) the documents are necessary for completion of this investigation. (Krueger Decl. ¶¶ 3-7). Special Agent Krueger also states that all administrative steps required to issue the summonses have been met.

Special Agent Krueger's statements are uncontested as petitioners never responded to the government's motion. Even with the initial petition, no evidence or any declaration was filed supporting the asserted bases to quash the summonses.

II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)); United States v. Reed, 105 A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009). To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant

2

to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. United States v. Powell, 379 U.S. 48 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390,1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he or she bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)). "The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325,1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. United States v. Goldman, 637 F.2d 664,667 (9th Cir. 1980). Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. Id. at 668.

In the instant case, the government has met the initial burden of showing that the Powell

1  elements have been satisfied, largely through the declaration of Special Agent Krueger.  See
2  Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the Powell
3  requirements and that the government therefore "established a prima facie case to enforce the
4  summonses"); Dynavac, Inc., 6 F.3d at 1414 (stating that the government's burden "may be
5  satisfied by a declaration from the investigating agent that the Powell requirements have been
6  met."); United States v. Panzo, 105 A.F.T.R.2d 2010-1648 (N.D. Cal. 2010) ( "The government
7  usually makes the requisite *primajacie* showing by affidavit of the agent."); United States v.
8  Bell, 57 F.Supp.2d 898, 906 (N.D. Cal. 1999).

9        Here, the declaration of Special Agent Krueger indicates that the IRS's investigation is
10 being conducted for a legitimate purpose of ascertaining Muzaffar Hussain's tax liabilities for
11 certain periods of time related to a possible criminal investigation.  (Krueger Decl. ¶¶ 4-7).  The
12 summonses are relevant to that purpose.  The summonses indicate that Special Agent Krueger is
13 investigating Hussain for the calendar year ending December 31, 2001, through the present year.
14 (Pet. Exhs 1-2).  The summonses required Bank of America to produce petitioners' bank records
15 during this period because, as explained by Agent Krueger, there is evidence of payments
16 between "Hussain and the petitioners."  (Krueger Decl. ¶ 3).  In fact, Agent Krueger states that
17 an interview took place in which some of the payments were discussed with Petitioner Dadgar.
18 Id.  Special Agent Krueger also states that the information is not already in the IRS's possession,
19 that there has been no referral for criminal prosecution of this matter, and that all administrative
20 steps required by the Internal Revenue Code for the issuance of the summons have been taken.
21 (Krueger Decl. ¶¶ 4-7).[2]

22       Although the record presented demonstrates that petitioners were duly served with notice
23 of these proceedings, they failed to respond to the government's motion or supply any evidence
24 supporting their position.  It should be noted, petitioners' allegations,[3] even if proven, would not

---

[2] It should be noted, petitioners do not take issue with these elements.  In their brief, petitioners contend only that the information is not sought for a legitimate purpose and is not relevant to any investigation.  (Br. at 6:15-17).

[3] Petitioners' remaining claim also lacks merit as there is no evidence showing that it would be burdensome for Bank of America to produce these records.

4

support quashing the summonses. Petitioners contend the summons do not state a liability owed by Hussain or explain the reasons for the investigation. These are not facts that would bar enforcement. The IRS can issue a summons to investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." Powell, 379 U.S. at 57 (quoting United States v. Morton Salt, Co., 338 U.S. 632, 642-43 (1950)). The function of the courts in an enforcement proceeding "is not to test the final merits of [a tax liability], but to assess within the limits of Powell whether the IRS issued its summons for a legitimate tax determination purpose." United States v. White, 853 F.2d 107, 116 (2d Cir. 1988). As noted above, the relevance of the materials is met through the agent's declaration and not through statements made on the face of an IRS summons, as argued by petitioners.

Accordingly, petitioners have not met their burden of showing an abuse of process or lack of good faith on the part of the IRS, and the undersigned recommends that the motion to enforce the summonses be GRANTED.

## III.  RECOMMENDATION

Based on the foregoing, this court recommends that the petition be DENIED and that an order be issued enforcing the IRS summonses and directing Bank of America to produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Civil L.R. 72-3 requires the filing of objections as a "Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge" and noticed for hearing pursuant to Civil L.R. 7-2.

Dated: December _, 2010

_____
MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE